1  Beth E. Terrell, CSB #178181
   Email: bterrell@terrellmarshall.com
2  Attorney for Petitioner
   TERRELL MARSHALL LAW GROUP PLLC
3  936 North 34th Street, Suite 300
   Seattle, Washington 98103
4  Telephone: (206) 816-6603

5  [Additional Counsel Appear on Signature Page]

6

                 UNITED STATES DISTRICT COURT
7            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8  TOBY HOY, individually and on behalf
   all others similarly situated,              Case No.  '22CV0151 LL    MDD
9
                          Petitioner,          **PETITIONER'S MEMORANDUM OF
10                                             POINTS AND AUTHORITIES IN
          v.                                   SUPPORT OF MOTION TO COMPEL
                                               COMPLIANCE WITH OUT-OF-
11 ZEETOGROUP, LLC,                            DISTRICT SUBPOENA TO NON-
                                               PARTY ZEETOGROUP, LLC**
12                        Respondent.

13

14

15

16

17

18

19

20    PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
    MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
                         PARTY ZEETOGROUP, LLC

1

**TABLE OF CONTENTS**

2

**Page**

3

I.    INTRODUCTION ........................................................................... 1

4

II.    FACTUAL BACKGROUND ............................................................ 4

5
    A.    The TCPA prohibits "telephone solicitations" to
         telephone numbers registered on the national
6        do-not-call registry without prior express written
         permission ....................................................................... 4
7

    B.    Health IQ and Enfuego failed to produce evidence
8        of consent ....................................................................... 6

9    C.    Get It Free has objected to producing any documents
         or a witness for a deposition ........................................... 8

10

III.    AUTHORITY AND ARGUMENT ................................................. 11

11
    A.    Get it Free should be ordered to fully respond to
12       Plaintiffs' subpoena and appear at a deposition ........................ 11

13    B.    Get it Free has not articulated any undue burden
         and its confidentiality objections provide no basis
14       for refusing to respond to a valid subpoena ................................. 16

15    C.    This motion may be transferred to the Northern
         District of California ......................................................... 18
16

IV.    CONCLUSION .......................................................................... 22

17

18

19

20

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - i

1

**TABLE OF AUTHORITIES**

Page

2

*Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*,
   No. 15-cv-06314-YGR,

3

   2018 WL 3707283 (N.D. Cal. Aug. 3, 2018) ................................... 4, 15, 20

4

*Agincourt Gaming, LLC v. Zynga Inc.*,
   No. 14-cv-0708,

5

   2014 WL 4079555, (D. Nev. Aug. 15, 2014) ............................................ 19

6

*Apple, Inc. v. Samsung Elecs. Co. Ltd.*,
   No. 12-cv-0630-LHK (PSG),

7

   2013 WL 1942163, (N.D. Cal. May 9, 2013) ............................................ 15

8

*Chem-Aqua, Inc. v. Nalco Co.*,
   No. 14-mc-71,

9

   2014 WL 2645999, (N.D. Tex. June 13, 2014) ................................... 21, 22

10

*Chinitz v. Intero Real Estate Servs.*,
   No. A-20-MC-0081-LY,

11

   2020 WL 806177, (W.D. Tex. Feb. 14, 2020)........................................... 21

12

*E4 Strategic Sols., Inc. v. Pebble Limited P'ship*,
   No. SA MC 150999220, DIC (DFMx),

13

   2015 WL 12746706 (C.D. Cal. Oct. 23, 2015) ......................................... 21

14

*Fuller v. Insys Therapeutics, Inc., Baier v. Princeton Office Park, L.P.*,
   No. 3:08-CV-5296 PGS DEA,

15

   2018 WL 5253288, (D.N.J. Oct. 22, 2018) ............................................... 16

16

*Hancock v. Credit Pros Int'l Corp.*,
   2021 WL 2948154, (D.N.J. Jul. 13, 2021)........................................... 15, 18

17

*Heard v. Costco Wholesale Corp.*,

18

   No. 2:19-cv-00673, 2020 WL 515841, (D. Nev. Jan. 31, 2020)................. 12

19

20

*Hoy v. Hi Q., Inc.*,
    No. 4:21-cv-04875 (N.D. Cal. filed June 24, 2021) .................................... 1

*Mantha v. Quotewizard.com, LLC*,
    No. 19-12235-LTS1, 2021 WL 6061919, (D. Mass. Dec. 13, 2021) ........... 13

*Medina v. Enhanced Recovery Co., LLC*,
    No. 15-14342-CIV-MARTINEZ/MAYNARD,
    2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) ................................................ 15

*Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co.*,
    No. 15-cv-00007, 2016 WL 447717, (S.D. Ga. Feb. 4, 2016) .................... 22

*Painters Join Committee v. Employee Painters Trust health & Welfare Fund*,
    No. 2:10-cv-1385-JCM-PAL,
    2011 WL 4573349, (D. Nev. Sept. 29, 2011) ............................................. 16

*Perez v. Rash Curtis & Assocs.*,
    No. 4:16-cv-03396, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ............. 20

*Rogers v. Giurbino*,
    288 F.R.D. 469 (S.D. Cal. 2012) .................................................................. 12

*Scientific Games Corp. v. AGS LLC*,
    No. 2:17-cv-00343-JAD-NJK,
    2017 WL 3013251 (D. Nev. Jul. 13, 2017) .......................................... 12, 16

*Shell Energy N. Am. (US), LP*, ---
    F.Supp.3d ---, 2021 WL 4477626, (D. Mass. Sept. 30, 2021) .................... 16

*Symantec Corp. v. Sidman*,
    No. 14-mc-80094, 2014 WL 1652921 (N.D. Cal. Apr. 24, 2014) .............. 18

*Taylor v. Universal Auto Grp. I, Inc.*,
    No. 14-mc-50, 2015 WL 1810316, (S.D. Ohio Apr. 17, 2015) ................... 14

*US Plywood Integrity Coalition v. PFS Corp.*,
    2021 WL 409968, (W.D. Wash. Feb. 5, 2021) .................................... 20, 21

*Waymo LLC v. Uber Tech., Inc.*,
    No. 17-cv-00939, 2017 WL 2929439 (N.D. Cal. Jul. 7, 2017).................... 11

*Williams v. Pillpack LLC*,
    C19-5282, 2021 WL 535215, (W.D. Wash. Feb. 21, 2021) ................*Passim*

**FEDERAL RULES AND STATUTES**

Fed. R. Civ. P. 26(b)(1) ...................................................................... 11, 12
Fed. R. Civ. P. 45 ............................................................................... 11, 19
Fed. R. Civ. P. 45(c)(1) ............................................................................ 17
Fed. R. Civ. P. 45(f) ...................................................................... 18, 19, 22

47 C.F.R. §§ 64.1200(c) ............................................................................ 1
47 U.S.C. § 227 ......................................................................................... 1
47 U.S.C. § 227(c)(1)................................................................................. 5
47 U.S.C. § 227(c)(5)............................................................................... 12
47 U.S.C. § 227(c)(3)................................................................................. 4
47 C.F.R. § 1200.64(c)(2) .......................................................................... 4
47 C.F.R. § 1200.64(f)(15) ......................................................................... 5
47 C.F.R. § 1200.64(c)(2)(ii)....................................................................... 5
47 C.F.R. § 1200.64(f)(10) ......................................................................... 5

# I.    INTRODUCTION

This is a subpoena-related action. The defendant in the underlying action, Hi Q., Inc. (Health IQ), is an insurance broker that markets insurance products tailored for seniors, including through large-scale telemarketing campaigns. Petitioner Toby Hoy, who is the plaintiff in the underlying action, received three unwanted text messages promoting life insurance services sold by Health IQ. Because Mr. Hoy's telephone number is on the national do-not-call registry, he sued Health IQ for violations of the Telephone Consumer Protection Act's Do Not Call Regulations, 47 U.S.C. § 227, et seq. and 47 C.F.R. §§ 64.1200(c) (TCPA). Mr. Hoy brought the case as a class action. It is currently pending in the United States District Court for the Northern District of California. *See Hoy v. Hi Q., Inc.*, No. 4:21-cv-04875 (N.D. Cal. filed June 24, 2021).

Health IQ has asserted as an affirmative defense that it had express or implied consent to send text messages to Mr. Hoy and other class members. Health IQ has evidence that the "lead" for the call to Mr. Hoy's telephone number was generated through a website owned by Respondent Zeeto Group LLC, a company that operates under the trade name "Get It Free." And Health IQ has evidence that visitors to that website ostensibly consented to receive calls from Cege Media, GuideToInsure and/or InsureaLife. Health IQ does not have evidence

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY ZEETOGROUP, LLC - 1

1    that Mr. Hoy or any other class member consented to receive calls from Health IQ

2    through a Get It Free website.

3        Mr. Hoy sent a subpoena to the marketing vendor with which Health IQ

4    contracted to generate leads, Cege Media. Cege Media does business using the

5    trade name Enfuego. Enfuego produced data purporting to show that proposed

6    class members consented to receive the calls and texts at issue in this case. But

7    Mr. Hoy was unable to identify from Enfuego's data a single person who

8    consented to receive calls from Health IQ through a Get It Free website.

9        Mr. Hoy served Get It Free with a deposition and document subpoena

10    seeking information sufficient to confirm that Mr. Hoy and other visitors to Get It

11    Free's websites did not consent to receive calls from Health IQ during the class

12    period. Get It Free has refused to produce a single document and has refused to

13    produce a witness for a deposition on any topic. The objections Get It Free served

14    consist of the same boilerplate burden and overbreadth, confidentiality, and

15    relevancy objections to every single deposition topic and document request,

16    without any explanation of how those objections apply. Even after several meet

17    and confer sessions, Get It Free has not altered its position, forcing Mr. Hoy to file

18    this action to enforce the subpoena.

19

20    PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 2

1    Get It Free should be compelled to fully respond to Mr. Hoy's subpoena. In

2    opposition to Mr. Hoy's forthcoming motion for class certification, Health IQ will

3    argue that class certification is not appropriate because individualized issues of

4    consent will predominate at trial. But Mr. Hoy believes common evidence will

5    show that proposed class members who purportedly opted in to receive calls

6    through a Get It Free website did not consent to receive calls from Health IQ as

7    the TCPA requires. To substantiate this position, Mr. Hoy needs to review the

8    form and content of the websites class members purportedly visited. If Health

9    IQ's name is not in the list of businesses from which class members purportedly

10    consented to receive calls, then there was no valid consent to receive calls

11    promoting Health IQ. *See Williams v. Pillpack LLC*, C19-5282, 2021 WL 535215, at

12    *6 (W.D. Wash. Feb. 21, 2021) (valid consent under the TCPA requires consent

13    from the seller and not the telemarketing vendor because "the regulations

14    expressly require that callers inform the called parties that their consent will

15    'authorize[] the *seller* to deliver *or cause to be delivered* telemarketing calls"

16    (citation omitted) (emphasis in original)).

17    Contrary to Get It Free's objections, the information Mr. Hoy seeks cannot

18    be obtained from Health IQ or Enfuego because they do not have it. Any privacy

19    interests implicated by the data production can be protected through the

20    PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 3

1   stipulated protective order entered in the underlying litigation. And Get It Free's

2   assertions of burden are wholly unsubstantiated and insufficient to prevent the

3   discovery sought here. For all these reasons, Mr. Hoy's motion should be granted.

4   　　　In the alternative, Mr. Hoy respectfully requests that the Court transfer this

5   motion to the Northern District of California, which is the Court that issued the

6   subpoena. Judge Gonzalez Rogers is familiar with the issues in this case, including

7   the type of evidence a plaintiff needs to certify a class and prevail at trial.

8   Declaration of Anthony Paronich ("Paronich Decl."), Ex. 1 (Transcript of

9   Proceedings) at 11:11–25; *see also, e.g.*, *Abante Rooter and Plumbing, Inc. v.*

10  *Alarm.com Inc.*, No. 15-cv-06314-YGR, 2018 WL 3707283 (N.D. Cal. Aug. 3, 2018).

11  Judge Gonzalez Rogers already has ruled that discovery is not bifurcated and that

12  Mr. Hoy is entitled to develop evidence relating to proposed class members

13  before filing his motion to certify a class.

14  　　　　　　　**II.  FACTUAL BACKGROUND**

15  **A.  The TCPA prohibits "telephone solicitations" to telephone numbers**
    **registered on the national do-not-call registry without prior express**
16  **written permission.**

    　　　The TCPA and its implementing regulations prohibit (among other things)
17
    "telephone solicitations" to any residential telephone subscriber registered on the
18
    national do-not-call registry. 47 U.S.C. § 227(c)(3); 47 C.F.R. § 1200.64(c)(2). The
19

20

1  purpose of the do-not-call registry is to "protect residential telephone

2  subscribers' privacy rights to avoid receiving telephone solicitations to which they

3  object." 47 U.S.C. § 227(c)(1).

4      A "telephone solicitation" is "the initiation of a telephone call or message

5  for the purpose of encouraging the purchase or rental of, or investment in,

6  property, goods, or services, which is transmitted to any person." 47 C.F.R.

7  § 1200.64(f)(15). Health IQ's first text message to Mr. Hoy read: "Get a private

8  phone consultation for Life Insurance. Health IQ can help you leave money for

9  your family without health questions or exams. Call (844) 871-9348." Dkt. No. 1

10 (Compl.) ¶ 27. The second and third text messages contained similar promotions.

11 *Id.* ¶ 28.

12      An entity is not liable for calling a number listed on the national-do-not-call

13 registry if the entity has the telephone subscriber's prior express permission to

14 make the call. 47 C.F.R. § 1200.64(c)(2)(ii). Such permission "must be evidenced

15 by a signed written agreement between the consumer and the seller." *Id*. But a

16 "seller" is "the person or entity on whose behalf a telephone call or message is

17 initiated for the purpose of encouraging the purchase or rental of, or investment

18 in, property, goods, or services, which is transmitted to any person." 47 C.F.R.

19 § 1200.64(f)(10). Because the texts were sent for the purpose of encouraging the

20 PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 5

1    purchase of Health IQ's insurance services, Health IQ is the relevant "seller." As

2    such, Mr. Hoy and proposed class members consented to calls only if they agreed,

3    in writing, to receive calls from Health IQ. *See Williams* 2021 WL 535215, at *6.

4    **B.    Health IQ and Enfuego failed to produce evidence of consent.**

5         Discovery has commenced in the underlying action and the court

6    authorized Mr. Hoy to proceed with both individual and class discovery. Paronich

7    Decl., Ex. 1 (Transcript of Proceedings) at 2:14–20. The court also entered the

8    parties' stipulated protective order, which protects confidential information

9    produced in the litigation—including information produced by non-parties—from

10   disclosure. Paronich Decl. ¶ 3, Ex. 2 § 7.1. (*Hoy*, No. 4:21-cv-04875, ECF No. 27).

11        Health IQ produced records of more than 100 million calls it placed during

12   the Class period as a result of leads it obtained from Enfuego. Mr. Hoy's expert

13   analyzed that data and identified more than three million unique phone numbers

14   (including Mr. Hoy's) that received these calls. Paronich Decl. ¶ 4. Health IQ also

15   produced a document purporting to include information about the "lead" that led

16   to the call to Mr. Hoy. The document suggests that a person named Robert Frueh

17   entered Mr. Hoy's telephone number onto a form on a website with the URL

18   www.getitfree.us. Paronich Decl. ¶ 5, Ex. 3. The document states that consumers

19   visiting that website purportedly agreed to the following:

20   PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
     PARTY ZEETOGROUP, LLC - 6

> TCPA Language: By submitting Yes, I consent to have a representative from Cege Media, GuideToInsure and/or InsureaLife contact me at this number [phone]. I understand these calls may be generated using an automated dialer and that my consent is not required as a precondition for purchasing or receiving an [sic] property, goods or service.

Paronich Decl., Ex. 3. Health IQ failed to produce any evidence that Mr. Hoy or any other proposed class member consented to receive calls from Health IQ through a Get It Free website.

During the meet and confer process, Health IQ told Mr. Hoy that it had contracted with Enfuego to provide the telephone numbers for the calls and that Enfuego would have more complete evidence of any consent to calls from Health IQ that Mr. Hoy and proposed class members may have provided. Paronich Decl. ¶ 6. Mr. Hoy sent a subpoena to Enfuego, who produced documents indicating that Mr. Hoy's telephone number ostensibly was generated through a webform on the www.getitfree.us website. *Id.* ¶ 7. Enfuego also produced a list of all the various websites through which Enfuego obtained leads. Multiple websites owned by Get It Free were on this list. *Id*. And Enfuego produced data showing that hundreds of thousands of leads were generated exclusively through Get It Free websites with the same "consent" language allegedly associated with Mr. Hoy's lead. *Id.* ¶ 9.

PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY ZEETOGROUP, LLC - 7

**C.    Get It Free has objected to producing any documents or a witness for a deposition.**

Enfuego produced a small number of documents purporting to show that some class members may have consented to receive calls from Health IQ through a Get It Free website. Paronich Decl. ¶ 10. But the documents Enfuego produced are undated and unauthenticated, and do not include server and web logs, or the historical website images, architecture and marketing partner lists Mr. Hoy now seeks from Get It Free. *Id*. It is entirely possible that Enfuego's records of Get It Free's website are not complete and that, at some points during the class period, Health IQ's name was added to or removed from the list of companies from whom visitors to a Get It Free website consented to receive calls. Get It Free is the only entity who can provide complete information. Accordingly, Mr. Hoy served Get It Free with a deposition and document subpoena targeting information related to the lead generation Get It Free performed in connection with Health IQ's telemarketing campaigns. Paronich Decl. ¶ 11, Ex. 5.

The deposition subpoena identifies fifteen topics for oral examination, all of which seek information about Get It Free's lead generation activities for Enfuego and Health IQ. Topics 1, 2, and 3 seek information about Get It Free's business model and lead generation practices as they relate to Enfuego and Health IQ. Paronich Decl., Ex. 5 at Exhibit A. Topics 4, 5, and 6 seek information regarding

1 Get It Free's business relationship with Enfuego and Health IQ as well as any

2 audits or investigations performed in connection with Get It Free's lead

3 generation activities for those companies. *Id.* Topics 7-10 seek information

4 relating to Get It Free's policies relating to lead generation, including policies

5 relating to TCPA compliance. *Id.* Topics 11 and 12 relate to any complaints Get It

6 Free may have received regarding its lead generation practices. *Id.* Topics 13- 15

7 relate to any investigation Get It Free did responding to the subpoena. *Id.* All of

8 these topics are typical of topics ordinarily covered in a third-party deposition in a

9 TCPA case.

10        Mr. Hoy's subpoena also demanded that Get It Free produce documents in

11 advance of the deposition. Paronich Decl., Ex. 5 at Exhibit B. The document

12 subpoena seeks information from Get It Free about its websites (Request Nos. 1,

13 2, 5), including the marketing partner lists, server and web logs, and historical

14 website images and architecture. *See id.* Those requests are crucial to the primary

15 factual issue in the underlying litigation: Whether Health IQ's name appeared in

16 the TCPA consent language on any of Get It Free's websites at any time during the

17 class period. Mr. Hoy's subpoena also seeks consent records for the leads that Get

18 It Free sold to Enfuego and that Enfuego ultimately sold to Health IQ. *See id.*

19 (Request No. 1). As with the website information, the substance and form of that

20 PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 9

1  information will be critical to a determination of whether Health IQ's consent

2  defense can be litigated on a class wide basis.

3      Despite its plain relevance to the underlying litigation, Get It Free objected

4  to Mr. Hoy's subpoena, refusing to produce any documents or a witness for

5  deposition. Paronich Decl. ¶ 12, Ex. 6. For each of the deposition topics and

6  document requests, Get It Free asserted the same four boiler plate objections: (1)

7  complying with the requests would impose an undue burden and expense on Get

8  It Free; (2) the requests seek disclosure of confidential information and

9  proprietary business records, including information regarding third parties'

10 private information the disclosure of which would violate Article I, Section I of the

11 California Constitution; (3) the requests were not reasonably calculated to lead to

12 the discovery of admissible evidence; and (4) the information was available from

13 Health IQ. *See generally id.*

14     The parties met and conferred by telephone and in writing on multiple

15 occasions, including on January 24, 2022. During the call, Mr. Hoy's counsel

16 explained the key relevance of the documents and testimony sought by the

17 subpoena, and why the information needed to be sought from Get It Free.

18 Paronich Decl. ¶ 13. Get It Free also strenuously objected to producing

19 information about proposed Class members on the basis of customer privacy. But,

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
   MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
   PARTY ZEETOGROUP, LLC - 10

1    as Mr. Hoy's counsel explained, the protective order entered in the underlying

2    litigation would apply to any confidential information Get It Free produced and

3    should alleviate any privacy concerns. *Id*. Finally, Mr. Hoy's counsel reiterated that

4    a classwide production is necessary now because Judge Gonzalez Rogers refused

5    to bifurcate discovery. *Id*. On February 3, 2022, Get It Free's counsel informed Mr.

6    Hoy by email that "[m]y clients will continue standing by their objections. No

7    disclosure is proper from GetitFree as this time." *Id.* ¶¶ 14–15, Ex. 7.

8        Before filing this motion, Mr. Hoy followed up with Get It Free's counsel to

9    inquire whether it would agree to produce anonymized information about

10   proposed Class members' alleged consent, but Get It Free rejected the offer to

11   compromise. *Id*. Health IQ's counsel also followed up, explaining the relevance of

12   the documents and why the information could only be obtained from Get It Free. 

13   *Id*.

14                           **III.    AUTHORITY AND ARGUMENT**

15   **A.    Get it Free should be ordered to fully respond to Plaintiffs' subpoena and appear at a deposition.**

16        "The scope of discovery under Rule 45 is the same as under Rule 26."

17   *Waymo LLC v. Uber Tech., Inc.*, No. 17-cv-00939, 2017 WL 2929439 (N.D. Cal. Jul.

18   7, 2017). Rule 45, like Rule 26(b)(1), "provides for broad and liberal discovery" of

19   "any nonprivileged matter that is relevant to any party's claim or defense and

20   PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-PARTY ZEETOGROUP, LLC - 11

1  proportional to the needs of the case." *Heard v. Costco Wholesale Corp.*, No. 2:19-

2  cv-00673, 2020 WL 515841, at *1 (D. Nev. Jan. 31, 2020) (quoting Fed. R. Civ. P.

3  26(b)(1)). Whether discovery is proportional to the needs of the case depends on

4  "the importance of the issues at stake in the action, the amount in controversy,

5  the parties' relative access to relevant information, the parties' resources, the

6  importance of the discovery in resolving the issues, and whether the burden or

7  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

8  26(b)(1). "To the extent responsive documents do not exist for any particular

9  discovery request [in a subpoena], the responding party must make that

10  representation along with a detailed explanation of the search for documents

11  that was conducted." *Scientific Games Corp. v. AGS LLC*, No. 2:17-cv-00343-JAD-

12  NJK, 2017 WL 3013251, at *2 (D. Nev. Jul. 13, 2017) (citing *Rogers v. Giurbino*, 288

13  F.R.D. 469, 485 (S.D. Cal. 2012)). Because the discovery Mr. Hoy seeks is relevant

14  and proportional to the needs of the case, the Court should grant his motion to

15  compel.

16      With nearly 100,000,000 calls and texts received by Class members, the

17  amount in controversy in the underlying litigation is billions of dollars, *before* the

18  potential for treble statutory damages is considered. *See* 47 U.S.C. § 227(c)(5) (call

19  recipients are entitled to receive up to $500 for each violation of the TCPA and

20

1    allowing courts to award up to treble damages for knowing or willful violations).

2    The testimony and documents Mr. Hoy seeks about Get it Free's websites and

3    lead generation activity cannot be obtained from Health IQ or Enfuego (or

4    anywhere else) and bear directly on a central affirmative defense in the

5    underlying litigation that could impact the claims of tens of thousands of Class

6    members. Whether the consent forms used by Get It Free comply with the TCPA

7    by listing Health IQ as a "Marketing Partner," and the process Get It Free uses to

8    collect contact information and generate leads are potentially dispositive of the

9    issue of consent. *See, e.g.*, *Mantha v. Quotewizard.com, LLC*, No. 19-12235-LTS1,

10   2021 WL 6061919, at *7–9 (D. Mass. Dec. 13, 2021) (alleged consent was not

11   "TCPA-compliant" because the lead generator's consent form did not include the

12   defendant's name or provide the disclosures required by the e-sign act).

13        Perhaps most importantly at this stage of the case, the information is

14   relevant to class certification questions. At class certification, Mr. Hoy must

15   establish that common issues predominate over individualized ones. Health IQ

16   will likely argue that individualized issues about whether Class members

17   consented to receive calls from Health IQ prevent certification. Documents and

18   testimony from lead generators like Get it Free about their involvement in the

19   offending telemarketing campaigns, the leads they generated for Health IQ,

20   PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
     PARTY ZEETOGROUP, LLC - 13

1    complaints and investigations, and their policies regarding lead generation are

2    relevant to refuting that argument and establishing that common issues

3    predominate. *See Williams v. Pillpack LLC*, No. C19-5282 TSZ, 2021 WL 535215, at

4    *6 (W.D. Wash. Feb. 12, 2021) (finding predominance satisfied and certifying class

5    where the validity of consent obtained through website opt-in forms "would not

6    require case-by-case analysis" because "there is little or no variation in the

7    consent method"). The information lead generators like Get It Free possess has

8    potentially drastic implications on whether a TCPA class can be certified. *See*

9    *Williams v. Pillpack LLC*, No. 19-5282 RJB, 2021 WL 5113467, at *6–7 (W.D. Wash.

10   Nov. 3, 2021) (decertifying class based on evidence produced by lead generators).

11           Given the clear relevance of the documents and testimony Mr. Hoy seeks, it

12   is unsurprising that courts have routinely compelled non-parties to respond to

13   similar subpoenas in connection with TCPA class actions. *See, e.g.*, *Taylor v.*

14   *Universal Auto Grp. I, Inc.*, No. 14-mc-50, 2015 WL 1810316, at *5 (S.D. Ohio Apr.

15   17, 2015) (compelling production of phone numbers, policies and procedures, and

16   documents relating to lead generation, complaints, and prior express consent);

17   *Hancock v. Credit Pros Int'l Corp.*, 2021 WL 2948154, at *8–11 (D.N.J. Jul. 13,

18   2021) (compelling production of call records, identities of third-party vendors,

19   documents related to prior express consent, and vendor agreements,); *see also*

20   PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
     PARTY ZEETOGROUP, LLC - 14

1   *Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV-MARTINEZ/MAYNARD,

2   2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) ("[H]ow [defendant] obtained the

3   telephone number of a proposed class member is relevant evidence of whether

4   that person provided prior express consent.").

5           Depositions of non-parties relating to leads generated for the defendant

6   are also routine components of TCPA litigation, including in cases in front of Judge

7   Gonzalez-Rogers. *See, e.g.*, *Williams v. Pillpack*, 19-5282 RJB, 2021 WL 5113467, at

8   *3–4 (W.D. Wash. Nov. 3, 2021) (describing third-party call center and lead

9   generator depositions); *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, No.

10  15-cv-06134-YGR, 2018 WL 558844, at *3 (N.D. Cal. Jan. 25, 2018) (describing

11  vendor deposition that "confirmed" the call records produced were complete).

12  There is no basis for Get It Free's refusal to respond.

13          "Third-party status does not confer a right to obfuscation or obstinacy."

14  *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL

15  1942163, at *3 (N.D. Cal. May 9, 2013). Get It Free cannot simply refuse to comply

16  with a subpoena. The testimony and documents Mr. Hoy seeks are relevant and

17  proportional to the needs of the case. Accordingly, the Court should order Get It

18  Free to produce responsive documents and a corporate designee for deposition.

19

20

**B.** **Get it Free has not articulated any undue burden and its confidentiality objections provide no basis for refusing to respond to a valid subpoena.**

Get it Free has not demonstrated that the subpoena is unduly burdensome or otherwise improper. *See Fuller v. Insys Therapeutics, Inc.*, *Baier v. Princeton Office Park, L.P.*, No. 3:08-CV-5296 PGS DEA, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) (the subpoenaed party must "clarify and explain its objections" and "specifically show how each discovery request is objectionable (citation omitted)). "It is not enough to merely assert overbreadth, burden, or oppression." *Katz v. Shell Energy N. Am. (US), LP*, --- F.Supp.3d ---, 2021 WL 4477626, at *2 (D. Mass. Sept. 30, 2021). "Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Scientific Games Corp.*, 2017 WL 3013251, at *2. Instead, "the party opposing discovery [by subpoena] bears the burden of showing the discovery is overly broad and [un]duly burdensome, or not relevant," by "specifically detail[ing]" the basis for each objection. *Painters Join Committee v. Employee Painters Trust health & Welfare Fund*, No. 2:10-cv-1385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011).

Get It Free was unable to provide anything beyond conclusory explanations of the burden that would be imposed if it were forced to produce documents and a corporate witness. Both Mr. Hoy and Health IQ took steps to address Get it Free's primary objections and concerns, but Get it Free refused to produce

1  documents or a witness anyway. Fed. R. Civ. P. 45(c)(1) (requiring counsel to take

2  "reasonable steps to avoid imposing undue burden or expense on a person

3  subject to that subpoena"). Mr. Hoy's need for the documents and testimony

4  requested by the subpoena substantially outweighs the unspecified burden Get It

5  Free claims that responding would impose. The evidence Mr. Hoy seeks relates to

6  central (and in some cases dispositive) issues in the underlying litigation. Get It

7  Free has failed to explain the burden that purportedly justifies its lack of response

8  and its objection should therefore be overruled.

9      Get It Free's confidentiality objections likewise provide no basis for its

10  refusal to respond to the subpoena. To begin, some of the information Mr. Hoy

11  seeks, like the lists of marketing partners, were made publicly available and Mr.

12  Hoy is only seeking the lists consumers could access on Get It Free's websites. Mr.

13  Hoy offered to accept anonymized biographical data (i.e. without names and

14  addresses) prior to class certification to address any privacy issues, but Get It Free

15  refused. Moreover, any confidential material produced by Get It Free is covered

16  by the protective order in the underlying litigation, which specifically covers

17  information produced by non-parties. Mr. Hoy has provided Get It Free's counsel

18  with that order and confirmed that Get It Free can utilize the protections for

19  confidential information that it contains. Paronich Decl. ¶ 13. Courts encountering

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 17

1   similar privacy and confidentiality-related objections to those Get It Free raises

2   here "routinely overrule [them] where . . . confidentiality orders are in place."

3   *Hancock*, 2021 WL 2948154, at *9 (citing *Medina*, 2017 WL 5196093 and

4   *Symantec Corp. v. Sidman*, No. 14-mc-80094, 2014 WL 1652921 (N.D. Cal. Apr. 24,

5   2014)). The Court should do the same here.

6   **C.     This motion may be transferred to the Northern District of California.**

7           In the alternative, to avoid inconsistent rulings and promote efficiency, Mr.

8   Hoy respectfully requests that the Court transfer this motion to the court that

9   issued the subpoena, the Northern District of California. A subpoena-related

10  motion may be transferred "[w]hen the court where compliance is required did

11  not issue the subpoena" and the "person subject to the subpoena consents" or

12  the court "finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory

13  Committee note explains the exceptional circumstances standard:

14              In the absence of consent, the court may transfer in
                exceptional circumstances, and the proponent of transfer
15              bears the burden of showing that such circumstances are
                present. The prime concern should be avoiding burdens
16              on local nonparties subject to subpoenas, and it should
                not be assumed that the issuing court is in a superior
17              position to resolve subpoena-related motions. In some
                circumstances, however, transfer may be warranted in
18              order to avoid disrupting the issuing court's management
                of the underlying litigation, as when the court has already
19              ruled on issues presented by the motion or the same

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
    MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
    PARTY ZEETOGROUP, LLC - 18

issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013).

When determining whether "exceptional circumstances" exist, courts "consider factors such as judicial economy, docket management, and the risk of inconsistent rulings." *Agincourt Gaming, LLC v. Zynga Inc*., No. 14-cv-0708, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014). "Whether 'exceptional circumstances' exist for a transfer turns on the particular facts of each case." *Agincourt Gaming*, 2014 WL 4079555 at *6. Courts considering subpoena-related motions "may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions." Fed. R. Civ. P. 45 adv comm. notes (2013).

Exceptional circumstances exist here. First, Judge Gonzalez Rogers is familiar with the parties and the issues in the underlying litigation, including the type of evidence a plaintiff needs to certify a class and prevail at trial. *See* Paronich Decl., Ex. 1 (Transcript of Proceedings) at 11:11–25; *see also, e.g.*, *Perez v. Rash Curtis & Assocs.*, No. 4:16-cv-03396, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) (denying post-trial motion to alter or amend $267,349,000.00 TCPA judgment); *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, No. 15-cv-06314-

1  YGR, 2017 WL 1806583 (N.D. Cal. May 5, 2017) (certifying do-not-call registry

2  class). This is a complex TCPA action that involves numerous third-party vendors

3  and sub-vendors located across the United States. Judge Gonzalez Rogers ruled

4  on the scope of discovery when she refused to bifurcate the action. If the Court

5  does not grant Mr. Hoy's motion, it should transfer the motion to the Northern

6  District of California to avoid potentially "disrupting the issuing court's

7  management of the underlying litigation." *See US Plywood Integrity Coalition v.*

8  *PFS Corp.*, 2021 WL 409968, at *3 (W.D. Wash. Feb. 5, 2021)

9        Second, absent transfer, there is a risk of inconsistent rulings on the scope

10  of third-party discovery. Get It Free objects to producing classwide discovery, but

11  Judge Gonzalez Rogers has considered similar arguments from Health IQ and

12  rejected them, which weighs in favor of transfer. *See US Plywood*, 2021 WL

13  409968, at *3 (explaining that the issuing court's ruling on similar legal arguments

14  raised in support of quashing the subpoena weighed in favor of transfer).

15  Moreover, Enfuego purchased the leads it sold to Health IQ from multiple

16  companies that operate all over the United States (and abroad). Paronich Decl.

17  ¶ 8. This motion is likely to be the first of several disputes, across multiple

18  districts, relating to the scope of third-party discovery. Transfer is appropriate,

19  because rulings from multiple courts have "the potential to disrupt the . . .

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 20

1    management of the underlying case, both procedurally and substantively." *Chinitz*

2    *v. Intero Real Estate Servs.*, No. A-20-MC-0081-LY, 2020 WL 806177, at *2 (W.D.

3    Tex. Feb. 14, 2020). And "[u]niformity of discovery rulings in a case of this

4    complexity is critical to achieving fairness to the parties and non-parties." *Id*.

5    (transferring TCPA class-action); *see also E4 Strategic Sols., Inc. v. Pebble Limited

6    P'ship*, No. SA MC 150999220, DIC (DFMx), 2015 WL 12746706 (C.D. Cal. Oct. 23,

7    2015) (finding exceptional circumstances where multiple "virtually identical"

8    subpoenas were served on third-parties in multiple districts).

9        Exceptional circumstances should be weighed against the "burdens on local

10    nonparties subject to subpoenas." *Chem-Aqua, Inc. v. Nalco Co*., No. 14-mc-71,

11    2014 WL 2645999, at *1 (N.D. Tex. June 13, 2014) (quoting Fed. R. Civ. P. 45(f),

12    2013 note). However, these burdens must be significant, and "an unsupported

13    statement that litigating" in the issuing court's district "would be burdensome

14    and expensive" is insufficient to outweigh the burden on local nonparties. *Id*. at

15    *3 (internal quotes omitted). Here, transfer to another district in California will

16    not burden Get it Free.

17        The possibility that Get it Free may incur additional costs litigating the

18    motion to compel in the issuing court rather than its home forum is insufficient

19    for a finding of prejudice. *See Chem-Aqua*, 2014 WL 2645999, at *3 (ordering

20    PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 21

1  transfer despite arguments about burden). This is particularly true here because

2  the hearing on Mr. Hoy's motion to compel may be held by video, eliminating the

3  burden of traveling to the hearing altogether. In similar circumstances, courts

4  have ordered a motion transferred. *See Miller Constr. Equip. Sales, Inc. v. Clark*

5  *Equip. Co*., No. 15-cv-00007, 2016 WL 447717, at *5 (S.D. Ga. Feb. 4, 2016) (noting

6  "the internet enables easy access" to other federal court dockets and "Rule 45(f)

7  goes out of its way to minimize" the effects of "distance litigation" following a

8  transfer).

9                                    **IV.    CONCLUSION**

10        Mr. Hoy respectfully requests that the Court grant his motion and compel

11  Get it Free to produce responsive documents and testify at a remote deposition.

12  In the alternative, if the Court is not inclined to rule on the motion, Mr. Hoy

13  requests that the motion be transferred to the Northern District of California to

14  be heard as part of the underlying action.

15  //

16  //

17  //

18  //

19  //

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
PARTY ZEETOGROUP, LLC - 22

1  RESPECTFULLY SUBMITTED AND DATED this 11th day of February, 2022.

2

      TERRELL MARSHALL LAW GROUP PLLC

3
      By: /s/ Beth E. Terrell, CSB #178181
4         Beth E. Terrell, CSB #178181
          Email: bterrell@terrellmarshall.com
5         Jennifer Rust Murray, *Pro Hac Vice Forthcoming*
          Email: jmurray@terrellmarshall.com
6         936 North 34th Street, Suite 300
          Seattle, Washington 98103
7         Telephone: (206) 816-6603
          Facsimile: (206) 319-5450
8
          Anthony I. Paronich, *Pro Hac Vice Forthcoming*
9         Email: anthony@paronichlaw.com
          PARONICH LAW, P.C.
10        350 Lincoln Street, Suite 2400
          Hingham, MA 02043
11        Telephone: (617) 485-0018
          Facsimile: (508) 318-8100
12
          *Attorneys for Petitioner*
13

14

15

16

17

18

19

20  PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
    MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA TO NON-
    PARTY ZEETOGROUP, LLC - 23