- Exhibit 6 -

1   Christopher S. Morris, Esq., SBN 163188
2   cmorris@morrislawfirmapc.com
    Jacob A. Gillick, Esq. 312336
3   jgillick@morrislawfirmapc.com
4   MORRIS LAW FIRM, APC
    501 West Broadway, Suite 1480
5   San Diego, CA 92101
6   Telephone:  (619) 826-8060
    Facsimile:  (619) 826-8065
7
8   Attorneys for Deponent ZeetoGroup, LLC

9                  UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  TOBY HOY,                           Case No. 4:21-cv-04875-YGR

12                      Plaintiff,      **OBJECTIONS TO SUBPOENA TO**
13                                      **TESTIFY AT A DEPOSITION IN A**
                                        **CIVIL MATTER TO ZEETOGROUP,**
14          v.                          **LLC**

15  HI.Q, INC. d/b/a HEALTH IQ,

16                      Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

                                1

OBJECTIONS TO SUBPOENA                    4:21-CV-04875-YGR

Exhibit 6 - Page 39

Please take notice that given the objections below, Responding Party will not be attending the deposition as scheduled.  Responding Party further objects to this subpoena on the following grounds:

**TOPICS**

**GET IT FREE Business Structure**

1.    The general nature and scope of GET IT FREE'S business and/or services. This subject includes, but is not limited to, GET IT FREE'S business activities, daily operations, portfolio of services offered, and business model.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.


**LEAD GENERATION**

2.    GET IT FREE'S process for obtaining telephone numbers that were sold to CEGE MEDIA or HEALTH IQ, including where such telephone numbers came from, who acquired them, how they were delivered and any audits or vetting done on them before they were delivered.

/ / /

/ / /

/ / /

2

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 40

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    GET IT FREE's knowledge of and participation in the process of receiving and obtaining telephone numbers made by THIRD PARTIES it works with, including, but not limited to, CEGE MEDIA or HEALTH IQ.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

/ / /

/ / /

/ / /

3

**<u>RELATIONSHIP WITH CEGE MEDIA</u>**

4.     GET IT FREE's relationship or involvement with CEGE MEDIA, including, but not limited to:

    a.     The nature and scope of services provided by GET IT FREE to CEGE MEDIA and vice versa;

    b.     The negotiation, drafting, implementation, and all other aspects of any agreement or scope of work between GET IT FREE and CEGE MEDIA:

    c.     The day-to-day relationship between GET IT FREE and CEGE MEDIA including, but not limited to, the identities of any GET IT FREE employees who communicate with CEGE MEDIA regarding lead generation, the frequency of any meeting with GET IT FREE regarding lead generation, and the typical content and form of any communications between GET IT FREE and CEGE MEDIA;

    d.     Any training CEGE MEDIA provided to GET IT FREE related to lead generation;

    e.     GET IT FREE'S disclosure to CEGE MEDIA regarding the method, manner, and means by which GET IT FREE promoted HEALTH IQ through lead generation;

    f.     The scope of any access that CEGE MEDIA has to any GET IT FREE computer systems, equipment, or DATABASES used for purposes of lead generation; the type of such computer systems, equipment, or DATABASES to which CEGE MEDIA has access; and the method, manner, and means by which CEGE MEDIA accesses such computer systems, equipment, or DATABASES; and

    g.     Any financial incentives provided by or payments made by CEGE MEDIA to GET IT FREE.

/ / /

OBJECTIONS TO SUBPOENA                    4:21-CV-04875-YGR

Exhibit 6 - Page 42

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    All audits, investigations, inquiries, or studies (collectively "audits") performed by CEGE MEDIA related to lead generation, including but not limited to, when each audit was performed, who performed each audit, why each audit was performed, which PERSONS were audited (YOU, THIRD PARTIES, or VENDORS), why each PERSON was audited, and the results of each audit.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

/ / /

5

**<u>RELATIONSHIP WITH HEALTH IQ</u>**

6.    All aspects of HEALTH IQ'S relationship or involvement with GET IT FREE, including but not limited to:

   a.    The nature and scope of services provided by GET IT FREE to HEALTH IQ;

   b.    The negotiation, drafting, implementation, and all other aspects of any agreement or scope of work between HEALTH IQ and Get it Free;

   c.    The day-to-day relationship between HEALTH IQ and GET IT FREE, including, but not limited to, the identities of any HEALTH IQ employees who communicate with Get it Free regarding lead generation, the identities of employees of GET IT FREE with whom HEALTH IQ communicates regarding lead generation, the frequency of any meetings with GET IT FREE regarding lead generation, and the typical content and form of any communications between HEALTH IQ and GET IT FREE.

   d.    Any training HEALTH IQ provided to Get it Free related to lead generation;

   e.    HEALTH IQ'S knowledge of the other third parties that GET IT FREE contracted with for purposes of marketing HEALTH IQ'S products or services;

   f.    HEALTH IQ'S knowledge of the method, manner, and means by which GET IT FREE acquired leads or prospective customers for HEALTH IQ;

   g.    The scope of HEALTH IQ'S knowledge or participation in providing leads to GET IT FREE for purposes of lead generation;

   h.    The scope of any access that GET IT FREE has to any HEALTH IQ computer systems, equipment, or DATABASES used for

6

Exhibit 6 - Page 44

purposes of lead generation; the type of such computer systems, equipment, or DATABASES to which GET IT FREE has access; and the method manner, and means by which GET IT FREE accesses such computer systems, equipment, or DATABASES; and

    i.    Any financial incentives provided by or payments made by HEALTH IQ to GET IT FREE.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

7.    All audits, investigations, inquiries, or studies (collectively "audits") performed by YOU or for YOU related to lead generation, including, but not limited to, when each audit was performed, who performed each audit, why each audit was performed, which PERSONS were audited (YOU, THIRD PARTIES, or VENDORS), why each PERSON was audited, and the results of each audit.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial

7

information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

**POLICIES**

8.    GET IT FREE'S POLICIES relating to lead generation, including POLICIES regulating actions by THIRD PARTIES that conduct lead generation for GET IT FREE.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

9.    GET IT FREE'S POLICES, practices, and procedures relating to the Telephone Consumer Protection Act, 47 U.S.C. § 227, including, but not limited to, the rules, regulations, opinions, advisories, comments or filings of the Federal Commination Commission that relate to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) & (d).

/ / /

/ / /

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 46

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

10.    GET IT FREE'S efforts to ensure TCPA compliance by THIRD PARTIES and VENDORS that conduct lead generation for GET IT FREE, and its own employees (e.g., requiring compliance training, audits, procedures to ensure appropriate consent).

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

/ / /

/ / /

9

OBJECTIONS TO SUBPOENA                                4:21-CV-04875-YGR

Exhibit 6 - Page 47

**COMPLAINTS & DO NOT CALL REQUESTS**

11.    Any complaints, grievances, investigations, or actual or threatened litigation from private individuals, business bureaus (such as BBB), and government entities regarding lead generation to GET IT FREE, and any corresponding response or investigation.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

12.    GET IT FREE'S POLICIES for responding to complaints, including GET IT FREE'S intake, investigation, and tracking of complaints, and its development and implementation of those POLICIES.  All DATABASES or computer software programs GET IT FREE uses to track complaints.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

10

Exhibit 6 - Page 48

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

**THIS LITIGATION**

13.    GET IT FREE'S response to the two subpoenas it has received.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression. This also constitutes a breach of the attorney-client privilege.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    GET IT FREE'S investigation into the lead(s) it provided related to the PLAINTIFF.

**OBJECTION/RESPONSE:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression. This also constitutes a breach of the attorney-client privilege.

/ / /

/ / /

/ / /

11

1    Responding Party objects that this request seeks disclosure of confidential

2    and proprietary business records/information, including but not limited to financial

3    information and information containing a third party's private information,

4    disclosure of which would violate Article I, Sec. I of the California Constitution.

5    Responding Party further objects that the request is irrelevant to the subject

6    matter, beyond the scope of permissible discovery, and not reasonably calculated to

7    lead to the discovery of admissible evidence.

8    15.    GET IT FREE's investigation and any communications regarding this

9    litigation with the VENDOR or THIRD PARTY that contacted the PLAINTIFF.

10    **OBJECTION/RESPONSE:**

11    Responding Party objects that this request is vague, ambiguous, and

12    overbroad as to content, scope, and time and constitutes unwarranted annoyance,

13    embarrassment, and oppression. This also constitutes a breach of the attorney-client

14    privilege.

15    Responding Party objects that this request seeks disclosure of confidential

16    and proprietary business records/information, including but not limited to financial

17    information and information containing a third party's private information,

18    disclosure of which would violate Article I, Sec. I of the California Constitution.

19    Responding Party further objects that the request is irrelevant to the subject

20    matter, beyond the scope of permissible discovery, and not reasonably calculated to

21    lead to the discovery of admissible evidence.

22    **REQUESTS**

23    **Request No. 1:**

24    To the extent you claim that your company obtained permission for

25    automated calls or text messages concerning Defendant, produce all documents that

26    identify:

27    A.    Any signed writings evidencing that permission;

28

12

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 50

B.  As it relates to any website visits that you assert are being used in place of signed writings:

   i.   All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

   ii.  All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Response to Request No. 1:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression. To comply with the request would be an undue burden and expense on Responding Party. Furthermore, the request is calculated to annoy and harass Responding Party. Each request should be made with specificity.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party also objects that these documents are available from a party Defendant and it is improper to be subpoenaing these documents from a third party.

13

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 51

**Request No. 2:**

     To the extent you claim that your company obtained permission for automated calls or text messages concerning Defendant via websites:

    A.    Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

    B.    For any website identified in response to the prior request produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

    C.    For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

    D.    Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

    E.    Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

    F.    If any documents responsive to the request in this Schedule A are in the hands or third parties, produce documents that identify those third parties.

**Response to Request No. 2:**

     Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.  To comply with the request would be an undue burden and expense on Responding Party.  Furthermore, the request is calculated to annoy and harass Responding Party.  Each request should be made with specificity.

14

1   Responding Party objects that this request seeks disclosure of confidential

2   and proprietary business records/information, including but not limited to financial

3   information and information containing a third party's private information,

4   disclosure of which would violate Article I, Sec. I of the California Constitution.

5   Responding Party further objects that the request is irrelevant to the subject

6   matter, beyond the scope of permissible discovery, and not reasonably calculated to

7   lead to the discovery of admissible evidence.

8   Responding Party also objects that these documents are available from a

9   party Defendant and it is improper to be subpoenaing these documents from a third

10  party.

11  **Request No. 3:**

12  All contracts or documents representing agreements with third parties,

13  including subcontractors or affiliate companies, utilized to perform services for the

14  Defendant or CEGE.  This includes, but is not limited to, any affiliates that generate

15  traffic at any of your websites.

16  **Response to Request No. 3:**

17   Responding Party objects that this request is vague, ambiguous, and

18  overbroad as to content, scope, and time and constitutes unwarranted annoyance,

19  embarrassment, and oppression.  To comply with the request would be an undue

20  burden and expense on Responding Party.  Furthermore, the request is calculated to

21  annoy and harass Responding Party.  Each request should be made with specificity.

22  Responding Party objects that this request seeks disclosure of confidential

23  and proprietary business records/information, including but not limited to financial

24  information and information containing a third party's private information,

25  disclosure of which would violate Article I, Sec. I of the California Constitution.

26  Responding Party further objects that the request is irrelevant to the subject

27  matter, beyond the scope of permissible discovery, and not reasonably calculated to

28  lead to the discovery of admissible evidence.

15

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 53

Responding Party also objects that these documents are available from a party Defendant and it is improper to be subpoenaing these documents from a third party.

**Request No. 4:**

All internal correspondence regarding Defendant CEGE and the process of making calls, selling leads or selling telephone numbers to them for them.

**Response to Request No. 4:**

Responding Party objects that this request is vague, ambiguous, and overbroad as to content, scope, and time and constitutes unwarranted annoyance, embarrassment, and oppression.  To comply with the request would be an undue burden and expense on Responding Party.  Furthermore, the request is calculated to annoy and harass Responding Party.  Each request should be made with specificity.

Responding Party objects that this request seeks disclosure of confidential and proprietary business records/information, including but not limited to financial information and information containing a third party's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party also objects that these documents are available from a party Defendant and it is improper to be subpoenaing these documents from a third party.

**Request No. 5:**

All images, proof and other website architecture that the Defendant's name or any of their registered DBAs appeared on the websites for your company.  This includes, but is not limited to, the following websites:

try.getitfree-samples.com

try.getitfreesamples.net

16

1   try.getitfree.us

2   try.get-itfree-samples.com

3   try.getitfree-sample.com

4   try.getyourfree-samples.com

5   try.get-thefree-samples.com

6   try.getyourfreesamplesnow.com

7   try.getyourfreesampletoday.com

8   try.getitfreesample.com

9   try.getyourfree-sample.com

10  try.getitfreessamples.com

11  try.get-yourfree-sample.com

12  try.get-it-freesample.com

13  try.get-it-freesamples.com

14  try.get-your-freesamples.com

15  try.getitfree-samples-today.com

16  try.evenmoresamples.com

17  try.get-itfree-sample.com

18  try.getitfreesamples-now.com

19  try.get-your-free-samples-now.com

20  try.get-it-free-sample.net

21  try.getitfree-sample-today.com

22  try.getitfreesamplestoday.com

23  try.get-your-free-samples.com

24  try.get-it-free-samplestoday.com

25  try.getitfree-samples-now.com

26  **Response to Request No. 5:**

27      Responding Party objects that this request is vague, ambiguous, and

28  overbroad as to content, scope, and time and constitutes unwarranted annoyance,

17

OBJECTIONS TO SUBPOENA                                    4:21-CV-04875-YGR

Exhibit 6 - Page 55

embarrassment, and oppression.  To comply with the request would be an undue
burden and expense on Responding Party.  Furthermore, the request is calculated to
annoy and harass Responding Party.  Each request should be made with specificity.

Responding Party objects that this request seeks disclosure of confidential
and proprietary business records/information, including but not limited to financial
information and information containing a third party's private information,
disclosure of which would violate Article I, Sec. I of the California Constitution.

Responding Party further objects that the request is irrelevant to the subject
matter, beyond the scope of permissible discovery, and not reasonably calculated to
lead to the discovery of admissible evidence.

Responding Party also objects that these documents are available from a
party Defendant and it is improper to be subpoenaing these documents from a third
party.

**Response to Request No. 6:**

Communications with any third party concerning the litigation captioned on
the subpoena.

**Response to Request No. 6:**

Responding Party objects that this request is vague, ambiguous, and
overbroad as to content, scope, and time and constitutes unwarranted annoyance,
embarrassment, and oppression.  To comply with the request would be an undue
burden and expense on Responding Party.  Furthermore, the request is calculated to
annoy and harass Responding Party.  Each request should be made with specificity.

Responding Party objects that this request seeks disclosure of confidential
and proprietary business records/information, including but not limited to financial
information and information containing a third party's private information,
disclosure of which would violate Article I, Sec. I of the California Constitution.

OBJECTIONS TO SUBPOENA                                4:21-CV-04875-YGR

Exhibit 6 - Page 56

Responding Party further objects that the request is irrelevant to the subject matter, beyond the scope of permissible discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party also objects that these documents are available from a party Defendant and it is improper to be subpoenaing these documents from a third party.

**MORRIS LAW FIRM, APC**

Dated:  January 20, 2022 _____

Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Deponent ZeetoGroup, LLC

19

OBJECTIONS TO SUBPOENA                    4:21-CV-04875-YGR

Exhibit 6 - Page 57

1

## PROOF OF SERVICE

2      I, the undersigned, am employed in the county of San Diego, State of
California. I am over the age of 18 and not a party to the within action; my
3  business address is 501 West Broadway, Suite 1480, San Diego, CA, 92101.

4      On January 20, 2022, I caused to be served the following document(s):

5   • **OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN
       A CIVIL MATTER TO ZEETOGROUP, LLC**

6

7  on the parties in this action as follows:

8

| | |
|---|---|
| 9   Anthony Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>10  Hingham, MA 02043 | Attorneys for Plaintiff |
| 11  PAUL ROSENTHAL<br>Kelley Drye & Warren LLP | Attorneys for Defendants |

12

13  ☒    **BY EMAIL** – Based on an agreement of the parties to accept service by
electronic transmission, I caused the documents to be sent to the person at the
14  electronic notification addresses listed above.

15

      I declare under penalty of perjury under the laws of the State of California,
16  that the above is true and correct.

17      Executed on January 20, 2022, at San Diego, California.

18

19                                                          Leanna Pierce

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE                                    4:21-CV-04875-YGR

Exhibit 6 - Page 58